Rossell, J.
J. — This is a single question of interest, viz: whether a note on demand shall carry interest? It is said by the counsel for the plaintiffs that it should, and a number of authorities have been cited to prove it; but I confess none of them afford that satisfaction I require to decide in their favor.
The note under consideration, sets forth the understanding of the parties at the time it was given ; the payer acknowledges himself indebted to the holder of the note in a certain sum, which he promises to pay on demand, thus putting it in the power of the holder to entitle himself to interest when he might think proper; but until he makes a demand the money is not actually due. If it had been the intention of the parties that the money should draw interest, why not express it? Their omitting to do so, leaves the fair conclusion that it was not intended. In Lovelass on Wills, p. 209, citing Precedents in Chancery, 161, and 2 Salkeld, 415, he says, “ It has been determined, that where a legacy has been devised generally, and no time ascert ained for the payment, if the legatee is of full age, he shall only receive interest from the time of his demand, after a year, for where no time of payment is set it is not payable but upon demand.” In 2 Comyns, the same doctrine seems to be laid down; and as I think, is applicable here. I am, on fully considering the case, of opinion, that interest should be allowed only from the time the demand was made.
Pennington, J.
interest is allowed by way of damages for the detention of the debt, as a recompence for the forbearance of payment; the question then is, when should this debt have been paid, or rather how long, payment [*o] has been delayed contrary to the contract? It is contended by the counsel for the defendant, that this question must be determined by the time of demand made; and on the other side, that it was a present debt, and ought to carry interest from the date of the instrument. I have not been able to find any adjudicated case on this particular point. In the case of Blaney v. Hendricks, 2 Blac. Rep. 761, the court by way of argument, say, “Interest is due on all liquidated sums from the instant the principal becomes due and payable; therefore, on bills of exchange, notes of hand payable at a day certain, or after demand, if payable on demand.” In the case of Jacobs v. Adams, 1 Dallas 52, the Supreme Court *320 of Pennsylvania say also, by way of argument, “ That in the case of promissory notes, when a day certain is fixed for payment, interest is allowed from the day of payment; and where no day is fixed, it is payable from the time of demand.” It is true, as observed by the counsel for the plaintiffs, that of late times the courts in this State have been liberal in the allowance of interest, by extending it in certain cases to open accounts, and other cases unknown.to the ancient adjudications;■ it appears to me, however, that the governing principle is, that interest is to be allowed from the time that the debt was, by the agreement of the parties, to be paid. The counsel for the plaintiff1 has mentioned a practice which he says has prevailed in this State, that bears some resemblance to the case under consideration, which is, that interest is. allowed on notes of hand from the date, although no interest or time of payment is mentioned, but simply, “ I promise to pay A. B. g 100.” Although I do not know that this hath been adjudged, yet I incline to think that a practice of the kind hath some how or other prevailed; whether proper or not, I forbear to give an opinion. But I apprehend that we are, in this case, required to go further, and that there is a distinction between the cases. A promisetopay asumof money, without naming the time, notonlycreates a present debt, but imposes an immediate duty; and as long as the debtor forbears to [*] pay there is some reason that he should recompence the creditor by a payment of interest for the detention of the debt. But a promise to pay on .demand, although it creates a present debt, yet ex vi termini, it contemplates a future day of payment, and also implies some indulgence on the part of the creditor, which he may extend or limit at his discretion. It was said at the bar, and not denied as .1 recollect, that the original creditor was the father-in-law of the debtor; be that as it may, he did not demand the debt in his life time; this is now done by his representatives,-and I am inclined to think that they are not entitled to interest but from the time of the demand, which, as I apprehend, was the commencement of the suit; from which time, I think that they are entitled to interest.
Earner atkick, C. J. — Concurred.
Interest allowed from the commencement of the suit.